UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| JOSE MARTINEZ, | ) | Case No.: 2:09-cv-01989-RLH-PAL |
| Plaintiff, | ) | **O R D E R** |
| vs. | ) | (Motion to Dismiss–#14) |
| MARMAXX GROUP, | ) | |
| Defendant. | ) | |

Before the Court is Defendant Marmaxx Group's **Motion to Dismiss** (#14), filed July 12, 2010. The Court has also considered Plaintiff Jose Martinez's Opposition (#16), filed July 23, 2010, and Marmaxx's Reply (#11), filed August 2, 2010.

**BACKGROUND**

On August 3, 2009, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging retaliation in violation of Title VII of the Civil Rights Act. Specifically, Plaintiff checked the box on the form indicating "retaliation" as the basis for the charge and further explained that Marmaxx retaliated against him because he complained to human resources that his supervisor was harassing him. (Dkt. #14, Mot. Ex. 1, Charge, filed Aug. 3, 2009.) However, Plaintiff did not check boxes indicating race, color, sex,

religion, national origin, age, disability, and other. (*Id*.) Plaintiff also failed to include any of these bases in his explanation of his charge. On August 21, 2009, the EEOC issued a Dismissal and Notice of Rights stating that it was "unable to conclude that the information obtained establishes violations of the statutes." (Dkt. #14, Mot. Ex. 2.)

On October 14, 2009, Plaintiff filed suit in this Court alleging claims for discrimination and retaliation under Title VII. On January 13, 2010, Magistrate Judge Lawrence R. Leavitt dismissed Plaintiff's discrimination claim for his failure to state a claim upon which relief can be granted. Marmaxx subsequently filed a motion to dismiss Plaintiff's retaliation claims, which the Court granted (Dkt. # 12, Order, June 7, 2010). Plaintiff then filed an amended complaint on June 30, 2010, alleging harassment, retaliation, discriminatory failure to promote and age discrimination under Title VII. Marmaxx has now filed its second motion to dismiss. For the reasons discussed below, the Court grants Marmaxx's motion.

## DISCUSSION

I.  **Motion to Dismiss**

   A.  **Standard of Review**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While a pleading generally need not contain detailed allegations, it must allege sufficient facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not allege sufficient facts to raise a right to relief above the speculative level if it contains nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Instead, in order to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

2

In *Iqbal*, the Supreme Court provided a two-step approach for district courts to apply when considering motions to dismiss. First, the Court must accept as true all factual allegations in the complaint. *Id.* at 1950. A court does not, however, assume the truth of legal conclusions merely because the plaintiff casts them in the form of factual allegations. *Id.* Mere recitals of the elements of a cause of action, supported only by conclusory statements, also do not suffice. *Id.* at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." *Id.* at 1949. Thus, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

**B.     Analysis**

    **1.     Age Discrimination**

Plaintiff seems to assert an age discrimination claim pursuant to Title VII. However, the Ninth Circuit has held that the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, is "the exclusive enforcement mechanism for claims of age discrimination in employment." *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1054 (9th Cir. 2009). Accordingly, the Court will consider Plaintiff's age discrimination claim under the ADEA.

The Court dismisses Plaintiff's age discrimination claim because he has not exhausted his administrative remedies. The ADEA requires a person to file a charge with the EEOC before initiating a civil action for age discrimination. 29 U.S.C. § 626(d); *Sanchez v. Pac. Powder Co.*, 147 F.3d 1097, 1099 (9th Cir. 1998). The purpose of this "charge" requirement is to "give the employer some warning of the conduct about which the employee is aggrieved, and it affords the EEOC and the employer an opportunity to attempt conciliation without resort to

courts." *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000). Although there are no formal procedures for filing a charge, the employee must at least provide sufficient information in the charge to prompt the EEOC to investigate his age discrimination claim. *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998).

In this case, Plaintiff filed a charge with the EEOC alleging that Marmaxx retaliated against him for complaining to human resources that he was being harassed. Plaintiff provided no information that would cause the EEOC to investigate a claim of age discrimination. Therefore, Plaintiff has not satisfied the "charge" requirement established by the ADEA. Accordingly, the Court dismisses this claim.

### 2. Title VII Harassment

Plaintiff's claim for Title VII harassment fails as a matter of law because Plaintiff does not allege that Marmaxx harassed him because of his race, color, religion, sex, or national origin. Title VII only proscribes employment discrimination on account of race, color, religion, sex, and national origin. 42 U.S.C. § 2000e-2(a). Nevertheless, Plaintiff does not claim that Marmax harassed him on any of these bases. In his complaint, Plaintiff merely alleges that he sent letters to Marmaxx notifying the manager that his supervisor was harassing him, and that Marmaxx never responded. Accepting this allegation as true, it is still insufficient to provide a proper basis for a Title VII claim as a matter of law. Therefore, the Court dismisses this claim.

### 3. Title VII Discriminatory Failure to Promote

The Court dismisses Plaintiff's Title VII claim for failure to promote because he has failed to exhaust his administrative remedies. Title VII requires a person to file a charge with the EEOC before initiating a civil action for Title VII discrimination. *Ong v. Cleland*, 642 F.2d 316, 318 (9th Cir. 1981). The scope of a plaintiff's right to initiate a civil action for Title VII discrimination is determined by the charge's contents and whether or not those contents would reasonably trigger an investigation into a plaintiff's claims. *Rodriguez v. Airborne Express*, 265

1  F.3d 890, 897 (9th Cir. 2001).  In this case, Plaintiff filed a charge with the EEOC alleging that
2  Marmaxx retaliated against him for complaining to human resources that he was being harassed.
3  Plaintiff provided no information that would cause the EEOC to investigate a claim for failure to
4  promote.  Therefore, the charge Plaintiff filed is insufficient to permit a claim for Title VII failure
5  to promote.  Accordingly, the Court dismisses this claim.

### 4. Title VII Retaliation

Plaintiff's Title VII retaliation claim fails as a matter of law because he does not alleged that Marmaxx retaliated against him for engaging in a protected activity under Title VII. This was the Court's previous ruling on this claim (Dkt# 12, Order, June 7, 2010) and Plaintiff has not alleged any new facts in his amended complaint that would alter this ruling.  Therefore, the Court dismisses this claim.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant Marmaxx's Motion to Dismiss (#14) is GRANTED.  The Court instructs the Clerk of Court to close this case.

Dated: November 2, 2010

_____
ROGER L. HUNT
Chief United States District Judge

AO 72
(Rev. 8/82)

5